NEW JERSEY DEPARTMENT OF LABOR,
WORKMEN'S COMPENSATION BUREAU.

ALEXANDER SZASZ, PETITIONER, v. JOHN A. ROEBLING'S
SONS COMPANY, RESPONDENT.

**Injury to Finger Properly Treated—More Than Year Afterward Alleged an Injury Occurred to Shoulder at Some Time—No Notice of Later Claim Until After One Year From Time of Alleged Accident—Furthermore, Testimony Tends to Show Accident Did Not Occur.**

For the petitioner, *William Reich.*

For the respondent, *George Macpherson.*

This is an action brought under the Workmen's Compensation law in which the petitioner was represented by Attorney William Reich and the respondent by George Macpherson, and the facts at the hearing held on July 3d, 1926, are briefly as follows:

On January 31st, 1925, the petitioner alleges that he was injured by being struck in the chest, right arm and shoulder by a reel which was being handled by a crane. The respondent contends that the accident which occurred on said date caused injury to the petitioner's finger only, and that the respondent had no knowledge of any other injury to the petitioner's body. The injury to the finger was properly treated

by the employer, and no claim for compensation was filed with the workmen's compensation bureau until after the expiration of one year.  The petitioner now seeks to have the one-year time limit provision of the statute set aside on the ground that no report of the petitioner's injury was made to the state.  To deprive an employer of his protection under the one-year time limit clause of the statute, the petitioner must show that said employer had knowledge of the injury disabling the petitioner for a longer time than the waiting period prescribed by law.  The testimony taken in this cause fails to establish that the respondent had knowledge of any disability caused by the accident of January 31st resulting in a disability longer than ten days—in fact, the testimony fails to establish that the petitioner was injured in the manner in which he claims.  The testimony of two eye witnesses who saw the entire occurrence establishes that nothing struck the petitioner as described by him.

*      *      *      *      *      *      *      *

W. E. STUBBS,
*Deputy Commissioner of Compensation.*